**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002248
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
      Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 49 WELFARE TRUST,<br><br>     Plaintiffs,<br><br>   v.<br><br>CROWN BUILDING MAINTENANCE CO., dba Able Building Maintenance,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. _____<br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

Plaintiffs allege:

# I

## THE PARTIES

1.    Plaintiffs are the Trustees of the Service Employees International Union Local 49

Welfare Trust ("Fund").

///    ///

///    ///

Page 1 – **COMPLAINT**

2.      The Fund is an "employee welfare benefit plan" as that term is defined in 29

U.S.C. §1002(1) of the Employee Retirement Income Security Act of 1974, as amended

("ERISA"). A number of employers pay fringe benefit contributions to the Fund, and the Fund is

a "multiemployer plan" as that term is defined in 29 U.S.C. §1002(37)(A) of ERISA. The

Trustees of the Fund have discretionary authority to control and manage the Fund and are

"fiduciaries" of the Fund as that term is defined in 29 U.S.C. §1002(21)(A) of ERISA.

3.      Defendant is a California corporation authorized to conduct business in Oregon

since March 29, 2011. Defendant does business in Oregon under the name Able Building

Maintenance.  At all times material to this lawsuit, Defendant has been an "employer" as that

term is defined in 29 U.S.C. §152(2) of the Labor-Management Relations Act ("LMRA") and 29

U.S.C. §1002(5) of ERISA, and has been engaged in an "industry or activity affecting

commerce" as that term is defined in 29 U.S.C. §§142(1) and (3) of the LMRA and 29 U.S.C.

§1002(12) of ERISA.

## II

## <u>JURISDICTION</u>

4.      The Court has jurisdiction over the Claim for Relief brought by the Trustees of

the Fund against Defendant for violation of 29 U.S.C. §§1132(a)(3) and 1145 of ERISA pursuant

to the provisions of 29 U.S.C. §1132(e)(1) of ERISA.

5.      During the period October 1, 2012, through December 31, 2015, Defendant was

signatory to and/or bound by two collective bargaining agreements with Service Employees

International Union Local 49 ("SEIU Local 49") as follows:

(a)      The Master Collective Bargaining Agreement covering the period July 1,

2012, through June 30, 2016 (the "July 2012 CBA"); and

Page 2 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

(b)    The Master Collective Bargaining Agreement covering the period July 1, 2016, through June 30, 2020 (the "July 2016 CBA").

The July 2012 CBA and the July 2016 CBA covered employees in an industry affecting commerce, and the activities of Defendant affected commerce. The Court also has jurisdiction over the Claim for Relief against Defendant pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

6.    The Fund is administered in Portland, Oregon. The Court has venue over this action pursuant to 29 U.S.C. §1132(e)(2) of ERISA.

## III

## CLAIM FOR RELIEF

7.    Under the terms of the July 2012 CBA and the July 2016 CBA, Defendant agreed to pay fringe benefit contributions to the Fund on behalf of its employees who performed work covered by the July 2012 CBA and July 2016 CBA so that the fringe benefit contributions would be received by the Fund by the 20th day of the month following the month in which the employees worked sufficient hours to qualify for a fringe benefit contribution (the "Due Date"). Defendant also agreed to be bound by the terms and conditions of the Trust Agreement, as amended, that created the Fund.

8.    The Trust Agreement, as amended, that created the Fund, provides that, in the event an employer fails to pay its fringe benefit contributions by the Due Date, the employer is liable for interest on the delinquent or late paid fringe benefit contributions at the rate of 8% per annum from the Due Date until paid.  Recovery of interest on delinquent or late paid fringe benefit contributions is also provided for at 29 U.S.C. §1132(g)(2)(B) of ERISA.

///    ///

Page 3 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

9.      The Trust Agreement, as amended, that created the Fund, provides that, in the event an employer fails to pay its fringe benefit contributions by the Due Date, the employer is liable for liquidated damages in the amount of 20% of the delinquent or late paid fringe benefit contributions or $25.00, whichever amount is greater. Recovery of liquidated damages on delinquent or late paid fringe benefit contributions is also provided for at 29 U.S.C. §1132(g)(2)(C) of ERISA.

10.     The Trust Agreement, as amended, that created the Fund, provides that, in the event the Trustees of the Fund employ legal counsel to pursue a delinquent employer, the employer shall be assessed all reasonable costs incurred in the collection process, including a reasonable attorney's fee. Recovery of a reasonable attorney's fee is also provided for at 29 U.S.C. §1132(g)(2)(D) of ERISA.

11.     At all times material to this lawsuit, the Trust Agreement, as amended, that created the Fund provided that in the event a payroll examination of an employer's payroll books and records is conducted and the payroll examination discloses that the employer has not paid all required fringe benefit contributions as required by the collective bargaining agreement, the employer shall be assessed the cost of the payroll examination. Recovery of the payroll examination costs is also provided for at 29 U.S.C. §1132(g)(2)(E) of ERISA.

12.     The Trustees of the Fund, through a certified public accounting firm, conducted a payroll examination of Defendant's payroll books and records for the period October 1, 2012, through December 31, 2015, in order to determine whether Defendant paid all required fringe benefit contributions to the Fund as required by the July 2012 CBA and the July 2016 CBA.

///      ///

///      ///

Page 4 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel  |  503.221.1074 fax

13.    The certified public accounting firm retained by the Trustees of the Fund concluded that Defendant did not pay all contractually required fringe benefit contributions to the Fund as required by the July 2012 CBA and the July 2016 CBA.    Based on the results of the payroll examination, Defendant owes the Fund $18,259.25 in fringe benefit contributions, $3,651.85 in liquidated damages, and $5,135.22 in interest on the delinquent fringe benefit contributions calculated through March 31, 2018, with interest continuing to accrue on the delinquent fringe benefit contributions ($18,259.25) at the rate of 8% per annum from April 1, 2018, until paid.

14.    The Trustees of the Fund are entitled to recover reasonable attorney fees from Defendant based on the terms of the Trust Agreement, as amended, that created the Fund and pursuant to 29 U.S.C. §1132(g)(2)(D) of ERISA.

15.    The Trustees of the Fund are entitled to recover the cost of conducting the payroll examination of Defendant's payroll books and records based on the terms of the Trust Agreement, as amended, that created the Fund and 29 U.S.C. §1132(g)(2)(E) of ERISA.

WHEREFORE, the Trustees of the Fund pray for a decree and judgment against Defendant as follows:

1.    Requiring Defendant to pay the Trustees of the Fund $18,259.25 in fringe benefit contributions, $3,651.85 in liquidated damages, and $5,135.22 in interest on the delinquent fringe benefit contributions calculated through March 31, 2018, with interest continuing to accrue on the delinquent fringe benefit contributions ($18,259.25) at the rate of 8% per annum from April 1, 2018, until paid;

///      ///

///      ///

Page 5 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

2.      Providing that Plaintiffs shall retain the right to conduct a future payroll examination of Defendant's books and records in order to ensure that all required fringe benefit contributions have been paid for a period subsequent to December 31, 2015; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions are owed, providing that Plaintiffs shall have the right to institute legal proceedings against Defendant to recover the delinquent fringe benefit contributions found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorney fees and court costs;

3.      Requiring Defendant to pay the Trustees of the Fund the reasonable costs of conducting the payroll examination of Defendant's payroll books and records;

4.      Requiring Defendant to pay the Trustees of the Fund their reasonable attorney fees;

5.      Requiring Defendant to pay the Trustees of the Fund the costs and disbursements incurred herein; and

6.      For such further equitable relief as the Court deems just and proper.

DATED this 5th day of July 2018.

BROWNSTEIN RASK, LLP

/s/ Stephen H. Buckley
Stephen H. Buckley, OSB #801786
Attorney for Plaintiffs

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax